UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| JOSEPH G. CHILDRESS, *et al.*, | : | Case No. 3:25-cv-00286 |
| Plaintiffs, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| USAA GENERAL INDEMNITY COMPANY, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

The undersigned Magistrate Judge issues this Report and Recommendation upon review of Plaintiffs' Response to the Show Cause Order (Doc. No. 11). The undersigned concludes that Plaintiffs have not shown, by a preponderance of the evidence, that this Court has diversity jurisdiction over this matter. Therefore, the undersigned **RECOMMENDS** that the Court **DISMISS** this action without prejudice due to lack of subject-matter jurisdiction and **GRANT** Plaintiffs leave to file an amended complaint that complies with this Court's decision within twenty-eight days of any Court order adopting this Report and Recommendation.

I.      **BACKGROUND**

Plaintiffs filed this federal lawsuit against Defendants USAA General Indemnity Company and unnamed John Doe Insurance Company, based upon diversity jurisdiction. (Complaint, Doc. No. 10 at PageID 1-3.) Plaintiffs allege that unnamed Defendant John Doe Insurance Company "is a business, corporation, or other entity that may be liable to

1

Plaintiffs" and that "Plaintiffs have not, with the exercise of due diligence, been able to discover the true identity or address of this Defendant." (*Id*. at PageID 2.) Plaintiffs allege that Defendants violated a homeowner's insurance policy by failing to cover certain losses resulting from damage to their home. They assert state-law claims for declaratory judgment, breach of contract, negligence, and bad faith. (*Id*. at PageID 4-7.) Plaintiffs seek a declaratory judgement, compensatory damages in excess of $75,000, punitive damages, attorneys' fees and costs. (*Id*. at PageID 6-7.)

Upon review of the Complaint, the undersigned concluded that the Court did not have sufficient information to confirm the existence of subject-matter jurisdiction because the citizenship of unnamed John Doe Insurance Company was not pled. Therefore, the undersigned issued an Order to Show Cause why this action should not be dismissed for lack of subject-matter jurisdiction. (Doc. No. 10.)

In their Response to the Show Cause Order, Plaintiffs contend that subject-matter jurisdiction exists because the unnamed Defendant John Doe Insurance Company is a nominal party whose citizenship can be ignored for purposes of establishing diversity jurisdiction. (Doc. No. 11 at PageID 28-29.) Plaintiffs argue that John Doe Insurance Company is merely a nominal party that is a "placeholder in the event discovery reveals another potentially liable party." (*Id.* (citing *Pain Ctr. of SE Indiana LLC v. Origin Healthcare Sols. LLC*, 893 F.3d 454, 458-59 (7th Cir. 2018).) Plaintiffs also clarify that they "seek no specific relief against John Doe Insurance Company at this time" and that "all substantive claims are directed at [Defendant] USAA." (*Id.*)

## II.        LEGAL STANDARD

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute …, which is not to be expanded by judicial decree[.]" *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (internal citations omitted). This Court has a duty to review *sua sponte* whether subject-matter jurisdiction exists in each case before it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiffs invoked this Court's diversity jurisdiction when they filed this federal lawsuit. Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a). In other words, "[d]iversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (citations omitted).

Because Plaintiffs chose to file this lawsuit in this Court, they bear the burden of alleging and proving the citizenship of every party. *Akno 1010 Mkt. St. St. Louis Missouri LLC v. Nahid Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022) (citations omitted); see also *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010) ("The party invoking federal court [diversity] jurisdiction ... has the burden of

3

demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met.") (citation omitted) (emphasis added).

Here, Plaintiffs urge the Court to ignore Defendant John Doe Insurance Company when assessing the existence of diversity jurisdiction. Notably, "[c]ourts both within and beyond the Sixth Circuit have held that 'because the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits.'" *Pastry Portal Inc. v. Siefke*, No. 3:23-cv-135, 2024 U.S. Dist. LEXIS 50380, 2024 WL 1209557, at *4 (S.D. Ohio Mar. 21, 2024) (Rose, D.J.) (collecting cases). There is an exception to this rule, however, for nominal parties to the litigation. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy"). "[A] nominal party is 'one who has no interest in the result of the suit and need not have been made a party thereto.'" *Maiden v. N. Am. Stainless, L.P.*, 125 F. App'x 1, 3 (6th Cir. 2004) (citing *Grant Cnty. Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952)). By contrast, a real party in interest "is entitled to enforce the right asserted under the governing substantive law." *Id*. (citing *Certain Interested Underwriters at Lloyd's of London v. Layne*, 26 F.3d 39, 42-43 (6th Cir. 1994)).

## III. ANALYSIS

The undersigned concludes that unnamed Defendant John Doe Insurance Company is not a nominal party and therefore finds that Plaintiffs have not met their burden of establishing the existence of diversity jurisdiction. Accordingly, the

undersigned recommends that this action be dismissed without prejudice for lack of subject matter jurisdiction. The undersigned further recommends that Plaintiffs be given the opportunity to amend their Complaint within twenty-eight days of any dismissal.

It is readily apparent that Plaintiffs included the unnamed Defendant John Doe Insurance Company in this lawsuit because they believe that this entity may be liable for any judgment that is awarded. Plaintiffs allege that Defendant John Doe Insurance Company "is a business, corporation, or other entity that *may be liable* to Plaintiffs." (Complaint, Doc. No. 1 at PageID 2 (emphasis added).) Plaintiffs explain that they included this John Doe defendant "solely as a placeholder in the event discovery reveals another *potentially liable* party, for example, a reinsurer, a predecessor insurer, subsidiary, or an affiliated entity." (*Id.* at PageID 29 (emphasis added).) Plaintiffs also state that they "seek no specific relief against John Doe Insurance Company *at this time*; all substantive claims are directed at USAA." (*Id.* (emphasis added).)

Given these facts, the undersigned concludes that Defendant John Doe Insurance Company is not a nominal party. Plaintiffs plainly intend to substitute, at some later date, the name of a real party in interest for the unnamed John Doe Insurance Company, precisely so they can assert claims and seek relief against that party. Neither that to-be-named party nor its placeholder (the unnamed John Doe Insurance Company) is a nominal party with no interest in this matter. Accordingly, its inclusion in this lawsuit destroys diversity jurisdiction.

Significantly, Plaintiffs have not argued or attempted to show that the John Doe Insurance Company is not, in fact, a real party in interest. (Response, Doc. No. 11 at

5

PageID 28-29.) Instead, Plaintiffs ask this Court to adopt the Seventh Circuit's holding that John Doe defendants may be named without destroying diversity jurisdiction "when the John Does are nominal parties—nothing more than placeholders 'in the event that during discovery [the plaintiff] identifie[s] any additional defendants he wishe[s] to add to the suit.'" (*Id.* at PageID 28 (citing *Pain Ctr. of SE Indiana LLC v. Origin Healthcare Sols. LLC*, 893 F.3d 454, 459 (7th Cir. 2018).)

The undersigned declines Plaintiffs' invitation to adopt this Seventh Circuit rule. This Court is bound to apply Sixth Circuit precedent, which does not permit Plaintiffs to include unnamed Defendant John Doe Insurance Company in this lawsuit (without destroying diversity jurisdiction) based on allegations that it is a mere placeholder. Instead, the relevant question is whether this defendant is a nominal party or a real party in interest. As explained above, the answer to that question does not favor Plaintiffs.

## IV.     REQUEST TO AMEND COMPLAINT

In the alternative, Plaintiffs request permission to amend their Complaint if the Court determines that their pleadings are deficient. (Response, Doc. No. 11 at PageID 30-31.) The undersigned finds that request to be well-taken and therefore **RECOMMENDS** that it be granted.[1] However, the undersigned cautions Plaintiffs that any Amended

---

[1] "The general rule is that diversity is determined at the time of the filing of a lawsuit." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006). But "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007). "Therefore, the Court will analyze whether diversity exists at the time of filing of Plaintiff's Amended Complaint." *Pastry Portal Inc. v. Siefke*, No. 3:23-cv-135, 2024 WL 1209557, at *5 (S.D. Ohio Mar. 21, 2024) (Rose, D.J.).

Complaint should comply with the District Judge's holding regarding whether the inclusion of unnamed John Doe Insurance Company destroys diversity jurisdiction.

## IV.    CONCLUSION

For the reasons discussed above, the undersigned finds that Plaintiffs have not demonstrated, by competent proof, that the complete-diversity requirement is met. The undersigned therefore **RECOMMENDS** that the Court **DISMISS THE COMPLAINT WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. The undersigned further **RECOMMENDS** that the Court **GRANT** Plaintiffs' request to file an amended complaint within twenty-eight days of any Court order adopting this Report and Recommendation.


**IT IS SO RECOMMENDED.**

_s/ Caroline H. Gentry_
Caroline H. Gentry
United States Magistrate Judge


Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a

memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).